Filed 8/19/20  P. v. Nunez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047589 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC329648) |
| v. | |
| IVAN MARK NUNEZ, | |
| Defendant and Appellant. | |

In 2004 Ivan Mark Nunez was convicted by a jury of one count of battery with serious bodily injury (Pen. Code, § 242/243, subd. (a))[1] and two counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)).  The jury found the allegations that Nunez personally inflicted great bodily injury in committing the battery and one of the assault counts true.  (§§ 1203, subd. (e)(3); 12022.7, subd. (a).)  Nunez admitted he had suffered two prior serious felony convictions and had served two prior prison terms.  (§§ 667, subd. (a); 1192.7; 667.5.)

After denying Nunez's *Romero*[2] motion, the court sentenced him to a total term of 35 years to life, made up of a term of 25 years to life for the new convictions, and an additional 10 years for the two serious felony priors.  This court affirmed the judgment in *People v. Nunez* (Oct. 12, 2005, H028072) [nonpub. opn.].

---

[1] All further statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On September 4, 2019, Nunez filed a motion to vacate his sentence in the superior court. In his motion, Nunez argued that his sentence violated section 654. Nunez also claimed that his prior 1986 juvenile adjudication was not a valid strike conviction because he was only 17 years old when he committed the crime, and as a result, he was outside the spirit of the Three Strikes law. In addition, Nunez argued the two five-year sentencing enhancements for his prior serious felony convictions should be stricken pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1012, §§ 1, 2, effective January 1, 2019).

On October 18, 2019, the court denied the motion. It found pursuant to section 1170, subdivision (d)(1) that Nunez's post-judgment motion requesting resentencing was not cognizable because it was filed more than 120 days after sentencing. The court also found that to the extent Nunez was challenging his sentence as unauthorized, he did not establish that any part of his sentence was illegal under section 654, the Three Strikes law, or any other law. Finally, the court found Nunez was not entitled to relief under Senate Bill No. 1393 because the statute does not apply retroactively to his case that was final in 2004, before the law became effective in 2019.

On November 20, 2019, Nunez filed a timely notice of appeal. We appointed counsel to represent Nunez on appeal. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 495 (*Serrano*). Counsel summarized the case but raised no specific issues in the opening brief. Pursuant to *Serrano*, on January 28, 2020, we notified Nunez of his right to submit written argument on his own behalf within 30 days.

On February 18, 2020, we received Nunez's supplemental brief raising the same issues as stated in his motion for resentencing in the superior court. Nunez also filed a request to augment the record. We ordered the request considered with the appeal. In Nunez's request to augment the record, he asks that we review abstracts of judgment and transcripts related to two of his prior strike convictions from October 23, 1986 and

2

November 3, 1994.  Nunez argues these documents are necessary to demonstrate that his sentence violates section 654, his juvenile adjudication cannot be considered a strike conviction, and he does not fall within the spirit of the Three Strikes law.

Nunez was convicted in 2004, and his appeal of the judgment was resolved in this court in 2005.  Any substantive challenge to Nunez's sentence based on section 654 or his eligibility for a three strikes sentence is no longer cognizable and should have been brought in his 2004 appeal.  Therefore, we deny Nunez's request to augment the record.

In addition, Nunez is not entitled to relief under Senate Bill No. 1393.  Nunez's judgment was final before the law went into effect on January 1, 2019 and Senate Bill No. 1393 does not apply to his case retroactively.  (See *People v. Garcia* (2019) 28 Cal.App.5th 961, 973.)

As nothing in Nunez's supplemental brief raises an arguable issue on appeal, we must dismiss it.  (*Serrano, supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

Nunez's request to augment the record is denied.  The appeal is dismissed.

_____

Greenwood, P.J.

WE CONCUR:


_____

Grover, J.


_____

Danner, J.


People v. Nunez
H047589

4